UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
CHANTELLE CHAFFATT,

        Plaintiff,

    -against-

JAVIER E. VARGAS; SHANNON BORNE-CLARKE,

        Defendants.
------------------------------------x

**MEMORANDUM AND ORDER**
18-CV-5888 (KAM)

KIYO A. MATSUMOTO, United States District Judge:

        Plaintiff Chantelle Chaffatt, proceeding *pro se,* filed the instant action on October 25, 2018 against Javier E. Vargas and Shannon Borne-Clarke, Kings County Family Court Judges, seeking declaratory and injunctive relief pursuant to 42 U.S.C. § 1983. At the time that Plaintiff filed the complaint, she requested to proceed *in forma pauperis*. On November 7, 2018, Plaintiff filed an amended complaint. On January 7, 2019, Plaintiff paid the $400.00 filing fee. For the reasons discussed below, the amended complaint is dismissed and Plaintiff's request for injunctive relief is denied as moot.

### Background

        Plaintiff alleges that defendants violated her due process rights in connection with a series of proceedings in Kings County Family Court. (Am. Compl. At 4.) In 2015,

1

Plaintiff engaged in an extramarital relationship with a gentleman (hereinafter referred to as the "Father") and gave birth to a child. (*Id.* At 77-78.) In 2015, the Father initiated a Family Offense petition in Kings County Family Court and alleged that plaintiff had engaged in a campaign of harassment, including using social media accounts to inform his wife, friends and coworkers of the affair. (*Id.* at 77-78.) Thereafter, both plaintiff and the Father appeared in Family Court for a series of hearings before Defendants. By order dated September 11, 2017, defendant Judge Borne-Clarke issued a final order of protection against plaintiff directing that, *inter alia*, she refrain from assaulting, stalking, harassing, menacing or committing any criminal offense against the Father. (*Id.* at 81.) The order further provided that plaintiff is not to have any communications by mail, telephone, email or any electronic means with family members, business associates, friends or colleagues of the Father. (*Id.*) The order of protection remains in force until September 9, 2022. (Id. at 89.)

By order dated September 27, 2018, defendant Judge Vargas issued an order removing the portion of the order of protection that prevents plaintiff from contacting the Father's family members, business associates, and colleagues but

otherwise directed that the final order of protection issued on September 11, 2017, against plaintiff continued in full force and effect. (*Id.* at 77-95.) The September 27, 2018 order provided that the Plaintiff was to "serve papers directly to Father's attorney, and that any service upon Father will be considered a violation [of the order]." (*Id.* at 85.)

Plaintiff seeks injunctive relief and requests that the court direct defendants to "follow the civil procedures of the Family Court Act and give Plaintiff right's back to serve all legal documents . . . upon [the Father]." (*Id.* at 6.)

### Standard of Review

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court is required to read the plaintiff's *pro se* complaint liberally and to interpret it as raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a

claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Where a plaintiff has paid the court's filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the court lacks subject matter jurisdiction, or the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Greathouse v. JHS Sec. Inc.,* 784 F.3d 105, 119 (2d Cir. 2015) ("Courts have both statutory and inherent authority to *sua sponte* dismiss frivolous suits."). "A complaint will be dismissed as 'frivolous' when it is clear that the defendants are immune from suit.'" *Montero v. Travis,* 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). A claim is also frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke,* 490 U.S. at 325.

### Discussion

I. <u>Plaintiff's Claims are Barred by Judicial Immunity</u>

It is settled law that judges are absolutely immune from civil liability for actions performed in their judicial capacity. *See, e.g., Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Bliven v. Hunt,* 579 F.3d 204, 209 (2d Cir. 2009). This absolute judicial immunity "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the

4

action he took was in error . . . or was in excess of his authority." *Mireles,* 502 U.S. at 11 (quotation omitted); *Zappin v. Cooper,* No. 16-CV-5985, 2018 WL 708369, at *9 (S.D.N.Y. Feb. 2, 2018), *reconsideration denied,* No. 16-CV-5985, 2018 WL 2305562 (S.D.N.Y. May 18, 2018).

Here, plaintiff's allegations against Judge Vargas and Judge Borne-Clarke arose from orders issued by the judges in their judicial capacity during the pendency of Plaintiff's family court proceedings. As such, it is clear that the actions of the defendants occurred within their judicial capacity and not in excess of their jurisdiction. *See, e.g., Johnson v. State Atty. Gen.,* No. 18-CV-4585, 2018 WL 3973509, at *2 (E.D.N.Y. Aug. 20, 2018) (to the extent plaintiff may seek to bring claims against any judges involved in her family court proceedings, such claims would likely be foreclosed by absolute immunity); *Balkanli v. Brodie,* No. 18-CV-4178, 2018 WL 3862689, at *2 (E.D.N.Y. Aug. 14, 2018).

Moreover, the Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) bars all claims for injunctive relief against a judicial officer for a judicial action or omission unless a declaratory decree was violated, or declaratory relief was unavailable. Plaintiff does not allege

that the Judges acted in violation of any declaratory decree. *El-Bey v. Clott*, No. 17-CV-271, 2017 WL 280710, at *2 (E.D.N.Y. Jan. 20, 2017).

**Conclusion**

Even under a liberal reading of plaintiff's complaint, plaintiff fails to state a plausible claim for relief for the reasons set forth herein. Therefore, any attempt to amend the complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (leave to amend is futile where barriers to relief cannot be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

Plaintiff's amended complaint, filed *in forma pauperis*, is dismissed due to the absolute immunity of the defendants who acted within their judicial capacity. Plaintiff's request for injunctive relief is denied as moot. The Clerk of Court is directed to enter judgment in favor of defendant and close the case.

Although the Plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good

faith. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court shall serve plaintiff with this memorandum and order and the judgment and note service on the docket.

**SO ORDERED.**

Dated: Brooklyn, New York
March 4, 2019

                                                /s/
                                   KIYO A. MATSUMOTO
                                   United States District Judge